ROBERT A. NILES *vs.* JOHN B. BROWN *et ux.*

PROVIDENCE—JANUARY 1, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Trespass. Case. Waiving Wrong and Force.*

In an action of trespass on the case, declaration alleged that defendants sued plaintiff in an action of trespass and ejectment, caused him to be arrested, and did not enter the action. There was no allegation that this was done maliciously or without probable cause, and it was not laid as the foundation for any prayer for damages. The declaration further alleged that defendants unlawfully entered plaintiff's dwelling house during the time that he was under arrest and removed the window-sashes, whereby, and by the neglect of defendants to restore the same, plaintiff was injured, etc:—

*Held*, that the only offence alleged was the removal of the window-sashes, and the action should have been trespass and not case.

*Held*, further, that, if the plaintiff waived his right to recover for that act he had nothing left to complain of, and could not hold defendants in case for the consequences flowing from it.

TRESPASS ON THE CASE. Heard on demurrer to declaration, and demurrer sustained.

DOUGLAS, J. The declaration alleges that the defendants, who are husband and wife, sued the plaintiff in an action of trespass and ejectment, caused him to be arrested therein, and did not enter the action in the court to which it was returnable.

There is no allegation that this was done maliciously or without probable cause, and it is not laid as the foundation for any relief or prayer for damages.

The declaration continues by alleging that "the defendants and their agents unlawfully entered the plaintiff's dwelling-house during the time when the plaintiff was under arrest and in the custody of the sheriff by virtue of the aforesaid writ, and proceeded to remove and did remove from the walls of said dwelling-house of the plaintiff the window-sashes located in the walls of the plaintiff's dwelling-house.

"That by reason of the unlawful removal of the said sashes from the walls of the dwelling-house of the plaintiff, and by the neglect of the defendants to restore the same to their proper places," the plaintiff and his minor children were exposed to the cold and severe weather, the house was made uninhabitable, the plaintiff was compelled to abandon it, and contracted a severe cold so that he was unable to work, suffered great expense for medicines, and loss of time and distress of mind, etc.

To this declaration the defendants demur, because they say that while the writ and declaration are entitled "in an action of trespass on the case," the declaration states a case of trespass.

If this contention is correct, the demurrer must be sustained; and it is for the plaintiff's advantage that the question be decided thus early in the case, as the objection, if valid, would be ground for arrest of judgment after a verdict in his favor. *Savignac* v. *Roone*, 6 T. R. 125; *Dale Mfg. Co.* v. *Grant*, 34 N. J. L. 138.

The plaintiff claims that all of his declaration, except the statement of the damages, is matter of inducement; and that he may waive the wrong and force described, and sue for the resulting consequential damages. If this claim is tenable, the declaration is fatally defective in that it does not waive the wrong and force but insists upon them, and does not attribute the damages to this wrong and force alone but to neglect to

restore the sashes as well. Yet no duty to restore the sashes is set out, and the law does not impose upon a stranger or a landlord the duty of restoring sashes to their places when they happen to be out. If the declaration had alleged, for instance, that the defendants, having lawfully removed the sashes for the purpose of repairing them, were required by law to replace them within a reasonable time, yet, unmindful of their duty in this behalf, neglected to restore them, by reason whereof the damages suffered by the plaintiff were caused, he would have set out an action of trespass on the case. So in *Vogel* v. *Mc-Auliffe*, 18 R. I. 791, where the defendant's servants entered upon the plaintiff's premises by his permission for the purpose, as they stated to him, of repairing the furnace, and by the defendant's orders took the furnace apart and destroyed it, and afterwards the defendant refused to replace the furnace, whereby the plaintiff was deprived of the use of it and subjected to much inconvenience, it was held that case was the proper form of action. In that case the circumstances threw upon the defendant the duty of replacing the furnace, and his refusal was a good cause of action independently of his removal of the furnace, which was by permission. Probably, as this permission seems to have been fraudulently obtained, the plaintiff might have treated the license as void and have sued the defendant as a trespasser *ab initio*. But the only wrong which this declaration charges upon the defendants is the forcible act of injury to the plaintiff's house, willfully committed. Such an act the law calls trespass and nothing else. Whether or not, in the circumstances as they were, the pleader could have waived trespass and sued in case, he has not done so.

(1) But it is evident that, upon the facts stated in the declaration, trespass is the only remedy; and in such an action the damages suffered by the plaintiff from exposure of himself and his family to the elements may be recovered if specially alleged, 1 Chit. Pl. 396; *Hathaway* v. *Osborne*, 25 R. I. 249, as well as exemplary damages if the trespass should be shown to be malicious

Where the wrong complained of is in the exercise of force direct and intentional, the action must be trespass and not

case. *Brennan* v. *Carpenter,* 1 R. I. 474; *Mossessian* v. *Callender, McAuslan, etc. Co.,* 24 R. I. 168; *Ogle* v. *Barnes,* 8 T. R. 191. In *Shapcott* v. *Mugford,* 1 Ld. Ray. 187, the case of *Thornton* v. *Asten* was quoted in argument as follows: "The plaintiff brought case against the defendant and declared that he was possessed of a close and the defendant dug pits in it, *etc., per quod, etc.,* and after verdict for the plaintiff it was adjudged that the action will not lie, because the cause of action was properly trespass, for which the party might have an action of trespass but could not turn it into an action of case." The court agreed that this was good law, for the plaintiff turned that which was properly trespass into an action upon the case only with the design to evade the statute of 22 and 23 Car. 2, and to get full costs though the judgment was under 40s, and the report adds: "Note for this same reason this term between Hills and Clark, the plaintiff brought case against the defendant *quare amputavit et spoliavit* his corn by which he lost it, after verdict for the plaintiff, upon the general issue pleaded, judgment was arrested."

The plaintiff cites *Trafford* v. *Hubbard,* 15 R. I. 329, as supporting his right to choose between the two forms of action. That case, like the cases cited in the opinion of the court, was one where goods had been wrongfully taken by the defendant, and the question was whether *trespass de bonis asportatis* or trespass on the case would lie, and it was held that the plaintiffs might maintain case for their consequential damages. In all cases where goods are taken and retained it is evident that two wrongs are done which are logically separable. The taking of the goods or chattels unlawfully is a forcible wrong or trespass, and the detention of them is a neglect of duty not involving a direct exercise of force. Either is a good cause of action. So the plaintiff may waive the trespass and sue in case for the conversion, or in some cases he may even waive the whole wrong to his possession and sue in assumpsit for the value of the goods. But the law is not so when the only unlawful act is a direct and forcible intrusion upon real estate in the plaintiff's possession. In such a case the gist of the action is the injury to the land, any other injury being re-

garded as aggravation. *Fallon* v. *O'Brien*, 12 R. I. 521; *Gates* v. *Bayley*, 2 Wils. Pt. 2, 313.

In the case at bar, as we have seen, the only offence committed by the defendants was to remove the window-sashes. If the plaintiff waives his right to recover for this wrong he has nothing left to complain of. As was said by the court in *Levalle* v. *Societe St. John Baptiste*, 17 R. I. 680: "Suppose in an action for assault and battery one could waive the tort, what would be left to sue for? The reasonable view is that if one waives the illegality of an act and acquiesces in it as a legal and accomplished fact, he must take it with its consequences." So here, everything which the plaintiff complains of was caused directly or remotely by the taking out of the window-sashes. If he chooses not to complain of that act, he cannot hold the defendants for the consequences which naturally flowed from it.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*John E. Bolan*, for plaintiff.

*Barney & Lee*, for defendants.